IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SIEMENS ENERGY, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-1072 |
| CSX TRANSPORTATION, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Siemens Energy, Inc. ("Plaintiff" or "Siemens") has brought this action against Defendant CSX Transportation, Inc. ("Defendant" or "CSXT") pursuant to the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 11706.[1]  Am. Compl., p. 1, ECF No. 10.  Plaintiff alleges that two electrical transformers, owned by Siemens, were damaged during interstate carriage by CSXT.  *Id.* at ¶¶ 2-5. Currently pending before this Court is Defendant's Motion to Dismiss the Amended Complaint and Alternative Motion to Transfer Venue (ECF No. 15).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons stated herein, Defendant's Motion to Transfer Venue (ECF No. 15) is GRANTED.  Accordingly, this case will be transferred to the United States District Court

---

[1] Originally enacted in 1906, the Carmack Amendment created "a national scheme of carrier liability for goods damaged or lost during interstate shipment under a valid bill of lading." *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993).  The statute imposes "something close to strict liability" on carriers, *5K Logistics, Inc. v. Daily Express, Inc.*, 659 F.3d 331, 335 (4th Cir. 2011) (citations omitted), but only for "the actual loss or injury to the property." 49 U.S.C. § 14706(a)(1).

1

for the Eastern District of Kentucky.  All pending arguments for dismissal of this action will remain pending for disposition in the transferee court.

## BACKGROUND

### I.  Factual History

In ruling on a motion to dismiss, this Court accepts the factual allegations in the complaint as true and construes those facts in the light most favorable to the plaintiff.  *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  The facts of this case, construed in the Plaintiff's favor, are as follows:

On or about August 23, 2012, "two electrical transformers, S/No.: D417578 and D417579, in good order and condition," were delivered to Defendant CSX Transportation, Inc. ("CSXT") at the Port of Baltimore, Maryland for carriage to Gallatin Steel Company ("Gallatin"), a customer of Siemens Energy, Inc. ("Siemens"), in Ghent, Kentucky.  Am. Compl. at ¶ 4, ECF No. 10.  The carriage of the transformers with CSXT "was arranged by Progressive Rail, Inc. ("Progressive") and was conducted pursuant to Bill of Lading No. 08232012-JPF-1, which was authorized by [CSXT's] duly authorized representative."  *Id*. "[T]ransformer No. D417578 . . . was loaded on railcar No. QTTX No. 131202 and transformer No. D147579 on railcar No. QTTX No. 131203."  *Id*. at ¶ 5.  Siemens was, at all material times, the owner of the two electrical transformers.  *Id*. at ¶ 3.

Both transformers were carried to Ghent, Kentucky, but were delivered in damaged condition "as evidenced from the transformers' impact recorders indicating that the transformers had been subjected to g-forces greater than the maximum allowed for transportation by rail, thereby causing loss to [Siemens]."  *Id*. at ¶ 5.  "[A] preliminary on-site

internal inspection revealed that at least transformer No. D147578 was severely damaged, while transformer No. D147579 could not be inspected at that time and was set aside for additional inspections and testing at a later time." *Id.*

"Due to the severe nature and extent of the damages to transformer No. D147578, the transformer was returned to Siemens' manufacturing plant in Dresden, Germany where it was opened, inspected, repaired, and subsequently returned to Gallatin. Transformer No. D147579 remained in the United States and was thoroughly inspected and tested while in storage in Gallatin['s] facility." *Id.* at ¶ 6. "Siemens incurred substantial costs in transporting, inspecting, repairing, and storing both transformers," which it estimates "to be approximately $1,555,824.60 plus prejudgment interest and costs of litigation." *Id.* at ¶ 7, 13.

## II. Procedural History

On April 1, 2015, Progressive filed suit against CSXT in the United States District Court for the Eastern District of Kentucky in connection with the same delivery at issue in this case. *See Progressive Rail, Inc. v. CSX Transportation, Inc.*, No. 3:15-cv-00018 (E.D. Ky. Apr. 1, 2015); Progressive Compl., Def. Ex. B, p. 2-5, ECF No. 15-3.[2] Progressive brought suit under the Carmack Amendment, alleging essentially the same facts as Siemens in this case. *Id.* CSXT filed an Answer and Affirmative Defenses to Progressive's Complaint on May 22, 2015. Answer, Def. Ex. B, p. 8-14, ECF No. 15-3. That action remains pending, although

---

[2] As will be discussed herein, two cases arising out of the delivery at issue in this case have already been filed in the United States District Court for the Eastern District of Kentucky. Plaintiff did not reference either case in the Amended Complaint, but Defendant has appended the court filings in both of those matters to its Motion to Dismiss. *See* Def. Exs. B & C, ECF Nos. 15-3 & 15-4. In reviewing a motion to transfer, this Court may consider evidence outside the pleadings. *Brooks-Williams v. Keybank, Nat'l Ass'n*, No. WDQ-15-559, 2015 WL 9255327, at *1 (D. Md. Dec. 17, 2015) (citing *Ancient Sun Nutrition, Inc. v. Oregon Algae, LLC*, No. 1:10CV140, 2010 WL 3719503, at *1 (W.D.N.C. Sept. 17, 2010)).

the proceedings have been stayed pending resolution of the pending motion in this case. The case has been assigned to Judge Gregory Van Tatenhove. *Id.* at p. 7.

On April 17, 2015, CSXT was again sued in an action involving the same delivery at issue in this case. *Kuehne + Nagle, Inc. f/u/b/o Siemens Energy, Inc. v. Rail Retrievers Logistics, LLC, et al.*, No. 3:15-cv-00023 (E.D. Ky. Apr. 14, 2015). Kuehne + Nagle, Inc., the party that allegedly arranged transportation of the transformers prior to their arrival in Baltimore, Maryland, raised several claims including a Carmack Amendment claim. K+N Compl., Def. Ex. C, ECF No. 15-4. That case was also assigned to Judge Van Tatenhove, but Kuehne + Nagle voluntarily dismissed that suit without prejudice on May 27, 2015.

Siemens brought this action against CSXT on April 14, 2015, after Progressive brought its action, but prior to the Kuehne + Nagle lawsuit. Pursuant to the Carmack Amendment to the Interstate Commerce Act ("Carmack Amendment"), 49 U.S.C. § 11706, Siemens claims that the damage to the transformers "was caused by the negligence of CSXT, in failing to properly perform its carrier duties." *Id.* at ¶ 8. Siemens contends that, "[p]rior to the commencement of this action," it "became the owner of the cargo and the successor in title to the rights and interest of the holder of the bill of lading issued by [CSXT], which incorrectly names Progressive Rail, Inc. ['Progressive"] as the shipper when Siemens is in effect the owner of the cargo and the rightful party to make this claim." Therefore, CSXT "is responsible as a bailee to [Siemens] for failure to care for [Siemens'] cargo, which was entrusted to its care and for which it had absolute control and custody." *Id.* at ¶ 10. Siemens brings this action "on behalf of and of the interest of all parties who may be or may become interested in the cargo . . . ." *Id.* at ¶ 12.

4

## STANDARD OF REVIEW

**I.      Motion to Transfer Venue Under 28 U.S.C. § 1404(a)**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of showing that a transfer is in the interest of justice. *See Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004). A district court has great discretion in determining whether to transfer a case under Section 1404(a). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). The decision to transfer an action under Section 1404(a) is made according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). However, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)).

## ANALYSIS

In support of its Motion to Dismiss, Defendant contends (1) that Siemens lacks standing to assert a claim under the Carmack Amendment because it is not a party to the bill of lading; (2) that this Court is an improper venue under the Carmack Amendment's venue provision; and (3) that any claims or allegations of negligence or bailment are preempted by the Carmack Amendment. Mot. to Dismiss, ECF No. 15. Alternatively, Defendant requests that this Court transfer this action to the United States District Court for the Eastern District of Kentucky. *Id.* For the reasons that follow, this case will be transferred to the

5

United States District Court for the Eastern District of Kentucky. All pending arguments for dismissal of this case will remain pending for disposition in the transferee court.

### I. This Case Could Have Been Brought in the United States District Court for the Eastern District of Kentucky

On a Motion to Transfer, a court must first determine whether the action could have been brought in the transferee district. *See Aphena Pharma Sols.-Maryland LLC v. BioZone Labs., Inc.*, 912 F. Supp. 2d 309, 318 (D. Md. 2012). A federal district court may exercise personal jurisdiction over a nonresident defendant[3] "if two conditions [are] satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)). Here, the parties do not dispute that the United States District Court for the Eastern District of Kentucky may exercise personal jurisdiction over CSXT. *See, e.g.*, Pl. Response, p. 13, ECF No. 19 (This Court and the United States District Court for the Eastern District of Kentucky are "equally appropriate" forums). Kentucky's long-arm statute provides the following:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
>
>   1. Transacting any business in this Commonwealth;
>
>   2. Contracting to supply services or goods in this Commonwealth;

---

[3] CSXT "is a foreign corporation existing under the laws of the state of Florida with its principle place of business in Jacksonville, Florida." Am. Compl. at ¶ 3, ECF No. 10.

>    3. Causing tortious injury by an act or omission in this Commonwealth.
>    Ky. Rev. Stat. § 454.210(2)(A)

Here, Plaintiff has alleged that CSXT contracted to transport two electrical transformers to Gallatin in Ghent, Kentucky. The present case arises out of alleged damage to those transformers during their transportation into Kentucky by agents of CSXT because of CSXT's "fail[ure] to properly perform its carrier duties." Am. Compl. at ¶ 8, ECF No. 10. This contact also satisfies the due process requirements for personal jurisdiction. *See, e.g., Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F. Supp. 761, 764 (W.D. Ky. 1997) ("a defendant whose conduct in the forum is covered by the long-arm statute will necessarily have 'purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) . . . a proper application of K.R.S. 454.210(2)(a) will simultaneously satisfy the requirements of due process.")

Additionally, the Carmack Amendment's venue provision provides that a civil claim may be brought "against the *delivering rail carrier* . . . in the judicial district in which the point of destination is located." 49 U.S.C. § 11706(2)(A)(ii). Here, the parties do not dispute that CSXT qualifies as a delivering rail carrier and that its destination was Ghent, Kentucky. *See, e.g.*, Mem. Supp. Mot. to Dismiss, p. 13, ECF No. 15-1 ("CSXT does not dispute that it is the delivering rail carrier . . . Siemens could have properly filed suit where its principle place of business is located (Orlando, Florida, i.e., the Middle District of Florida) [or] at the destination of the shipment (Ghent, Kentucky, i.e., the Eastern District of Kentucky) . . . .") For these reasons, the present case could have been brought in the United States District Court for the Eastern District of Kentucky.

## II. This Case Will Be Transferred to the United States District Court for the Eastern District of Kentucky

Having determined that a case could have been brought in the transferee forum, a court must proceed to determine if transfer is appropriate in the instant case. *See, e.g., MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-02109, 2013 WL 1224484, at *5 (D. Md. Mar. 26, 2013). Defendant requests that this case be transferred to the United States District Court for the Eastern District of Kentucky "because: (a) that district has a much stronger connection to the events that underlie this dispute; and (b) the Eastern District of Kentucky is the forum for two lawsuits relating to the shipment at issue in this case, one of which was filed prior to this action and remains pending." Mem. Supp. Mot. to Dismiss, p. 14, ECF No. 15-1. When considering a motion to transfer pursuant to 28 U.S.C. § 1404(a), this court must consider the following factors: "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice." *MTB Servs., Inc.*, 2013 WL 1224484 at *5. Here, a balancing of these factors weighs in favor of transfer.

### a. The Weight Accorded to Siemens' Choice of Venue

A plaintiff's choice of forum is ordinarily "entitled to substantial weight." *Topiwala v. Wessell*, No. WDQ-11-0543, 2012 WL 122411, at *7 (D. Md. Jan. 12, 2012) (quoting *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002)). However, a plaintiff's choice is afforded less weight "when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation." *Id.* (citing *Tse v. Apple Computer*, No. 05–2149, 2006 WL 2583608, at *2 (D. Md. Aug.31, 2006)). In this case, Siemens does not allege that Maryland is its home, that its headquarters or principle place of business is located

in Maryland, or even that it regularly conducts business within the State of Maryland. On the contrary, Siemens has represented that it is a Florida corporation with a manufacturing plant in Dresden, Germany. *See* Am. Compl. at p. 1, ¶ 6, ECF No. 10. Furthermore, Siemens does not allege that any of its employees or agents have, at any time, entered the State of Maryland. Siemens alleges only that the two electrical transformers at issue in this case "were delivered to CSX at the port of Baltimore, Maryland for carriage . . . ." *Id.* at ¶ 4.

In contrast, both transformers were transported to Siemens' customer, Gallatin, in Ghent Kentucky, where they were allegedly "delivered in a damaged condition." *Id.* A "preliminary on-site internal inspection" was conducted in Ghent, Kentucky. Following that inspection, one of the transformers was returned to Dresden, Germany, "where it was opened, inspected, [and] repaired" before being returned to Ghent, Kentucky. *Id.* at ¶ 6. The other transformer "was thoroughly inspected and tested while in storage at Gallatin['s] facility." Given that Maryland has relatively little connection to the Plaintiff or to the events giving rise to this case, the first factor supports transfer.

### b. Witness Convenience and Access and the Convenience of the Parties

A party claiming witness inconvenience " 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Topiwala*, 2012 WL 122411 at *7 (quoting *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). The inconvenience of non-party witnesses is weighed more heavily than the inconvenience of party witnesses, "who are presumed willing to travel to another forum." *Id.* (citing *Atl. City Assocs. No. 2, LLC v. Reale*, No. CCB–11–0078, 2011 WL 1769842, at *3

9

(D. Md. May 9, 2011).  Transfer of venue is "inappropriate" where it will merely " 'shift the balance of convenience' " from plaintiff to defendant.  *Id.* (quoting *Bd. of Trs. v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988)).

Defendant has not submitted witness affidavits, but Defense counsel has indicated that "witnesses from [several] Kentucky companies are expected to testify."  Mem. Supp. Mot. to Dismiss, p. 17, ECF No. 15-1.  These Kentucky companies include Edwards Moving and Rigging, Thoroughbred Contractors, LLC, Kemper Construction, LLC and Sunbelt Rentals, Inc., all companies hired by Siemens and Gallatin to assist in handling the transformers after they were delivered in Ghent, Kentucky.  *Id.* at 16-17; Invoices, Def. Ex. D, ECF No. 15-5.  Defendant avers that the "Gallatin [] witnesses alone will be significant in this case given that they attended the inspections and were involved in evaluating the potential damage" and that "[t]he overwhelming amount of activity relevant to this action occurred in Kentucky and witnesses pertaining to such activity are based there or nearby."  *Id.* at 17.

Plaintiff counters that "the most significant inspections, tests and actual repairs were conducted in Dresden, Germany, not Kentucky," and that the "surveyors and experts" based in Germany are "the most critical witnesses in this matter."  Pl. Response, p. 15, ECF No. 19.  Plaintiff suggests that Baltimore is a more convenient forum for those witnesses because of its proximity to an international airport and accessibility via "the MARC and Amtrak rail systems."  *Id.* at 18.  Additionally, Plaintiff claims that the "CSXT employees located at the Port of Baltimore may be called to testify regarding their handling of the cargo there" prior to the alleged damage and that CSXT, because it "maintains significant

operations in the Port of Baltimore," would not be inconvenienced by trying this case in this Court. *Id.* at 18. Furthermore, Plaintiff indicates that "the independent surveyors Mr. John Ferbend and Paul Hammes of EIMC, the company that inspected the transformers and who attended Gallatin's facility, are residents of New Jersey, not Kentucky" and that it will pay the expenses of any Siemens or Gallatin personnel whose presence is required at trial. *Id.*

Although Defendant has demonstrated that the majority of individuals with knowledge of the alleged harm reside in Kentucky, or at least outside of Maryland, Plaintiff has indicated that CSXT employees based in Baltimore, Maryland may also be called to testify. Additionally, Defendant has failed to provide the affidavits of any of its anticipated witnesses to support its claim that this Court is an inconvenient forum for them. *See CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 770 (D. Md. 2009) ("the defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship he 'would suffer if the case were heard in the plaintiff's chosen forum.' *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002). Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion to dismiss or to transfer pursuant to § 1404(a). *See Dow*, 232 F.Supp.2d at 499.") Therefore, the second and third factors are not determinative.

### c. The Interest of Justice

The interest of justice " 'encompass[es] all those factors bearing on transfer that are unrelated to convenience of witnesses and parties.' " *Topiwala*, 2012 WL 122411 at *8 (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 857 (D. Md. 2005)). "The possibility of consolidating the action with a pendent suit in the transferee forum is

considered under this factor." *Id.* "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). The United States Court of Appeals for the Fourth Circuit has acknowledged that consolidating nearly identical suits in the forum in which suit was first brought, the "first-to-file principle, . . . is a rule of sound judicial administration." *See Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 181 (4th Cir. 1974). "[W]hen two nearly identical suits are pending in different federal courts, 'the case ought to be tried in the district court in which it was first filed,' other factors being equal." *Topiwala*, 2012 WL 122411 at *8 (quoting *Ellicott*, 502 F.2d at 180). This Court in *Fisher v. Rite Aid Corp.*, No. RDB-09-1909, 2010 WL 2332101, at *2 (D. Md. June 8, 2010) observed the following:

> The first-to-file rule "requires substantially overlapping cases filed in separate fora to be resolved in the forum where the initial case is filed unless a balance of convenience favors the second action." *Smart Technologies, Inc. v. Polyvision Corp.*, 3:04–cv–545, 2004 U.S. Dist. LEXIS 29483, at *5–6 (E.D. Va. Oct. 20, 2004) (citing *Ellicott Mach. Corp*, 502 F.2d at 180). Due to its importance in ensuring judicial efficiency, consistency, and comity, courts have noted that the rule "should not be disregarded lightly." *Neuralstem, Inc. v. Stemcells, Inc.*, 573 F. Supp. 2d 888, 900 (D. Md. 2008) (internal quotation marks omitted); *see also Rite Way Crack Repair, LLC v. Guardian Crack Repair, LLC*, WMN–09–1207, 2009 U.S. Dist. LEXIS 82574, at *11, 2009 WL 2923085 (D. Md. Sept. 10, 2009) (noting that the underlying principles of the first-to-file rule include the conservation of judicial resources and the parties' time and money, and to prevent the possibility of reaching conflicting results).

*Fisher*, 2010 WL 2332101 at *2.

Here, two lawsuits have already been filed against CSXT in the United States District Court for the Eastern District of Kentucky, both claiming the same damage to the same

transformers in the same CSXT shipment as the Plaintiff in this case. Both actions have been brought under the Carmack Amendment and will likely involve the same legal and factual questions as this case. *See, e.g., Byerson v. Equifax Info. Servs.*, LLC, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006) (Granting motion to transfer where "[t]he class complaints [were] quite similar, involving the same provision of federal law and the same basic conduct by the same three defendants). One of those cases has since been dismissed, but the other case, Progressive's claim against CSXT, remains and has been stayed pending resolution of Defendant's pending motion.

In the interests of judicial economy and federal comity, and to avoid conflicting judgments[4], the remaining two cases should be tried in the same court. In accordance with the first-to-file rule, that court should be the United States District Court for the Eastern District of Kentucky, the forum in which the first lawsuit was filed. Therefore, Defendant's Motion to Transfer (ECF No. 15) is GRANTED. This case will be transferred to the United States District Court for the Eastern District of Kentucky.

---

[4] Plaintiff contends that "[n]o inconsistent rulings will be obtained here . . ." because only Siemens, the owner of the transformers, is entitled to relief. Pl. Response, p. 19, ECF No. 19. Plaintiff claims that the Progressive action pending in the transferee forum is "bound to be dismissed." *Id.* In support of its Motion to Dismiss, Defendant argues that Siemens does not have standing to bring a claim under the Carmack Amendment, but contends that "Progressive clearly has standing." Def. Reply, p. 10, ECF No. 20. Resolution of this standing dispute may impact both this case and the case already pending in the transferee court, suggesting that transfer is appropriate. In fact, Defendant has already represented that the Progressive case has been stayed "to conserve judicial and litigant time and effort pending determination of this motion." Def. Reply, p. 11, ECF No. 20. For these reasons, the standing issue will remain pending for resolution in that court.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue (ECF No. 15) is GRANTED. Accordingly, this case will be transferred to the United States District Court for the Eastern District of Kentucky. All presently pending arguments for dismissal of this action will remain pending for consideration in that Court.

A Separate Order Follows.

Dated:     March 17, 2016

                                                                                      /s/
                                                                    Richard D. Bennett
                                                                    United States District Judge